318

### THE DOROTHY G.

### THE BUCHANAN SISTERS.

### F. E. GRAUWILLER TRANSP. CO. v. COLONIAL SAND & STONE CO., Inc.

#### No. 16919.

District Court, E. D. New York.

May 12, 1944.

Foley & Martin, of New York City, (Christopher E. Heckman, of New York City, of counsel), for libellant.

Macklin, Brown, Lenahan & Speer, of New York City (Leo F. Hanan and Richard S. Leahy, both of New York City, of counsel), for respondent.

Mahar & Mason, of New York City (Frank C. Mason, of New York City, of counsel), for claimant impleaded.

GALSTON, District Judge.

On September 25, 1943, at about 3:45 P.M., the Dorothy G, a barge then loaded with a full cargo of gravel or broken stone, was brought to the plant of the Colonial Sand & Stone Co., Inc., at Flushing, Long Island, in tow of the tug Buchanan Sisters. The respondent was the consignee of the cargo. The Dorothy G was moored with her port alongside the starboard side of the Warning Light. The Warning Light was moored next to respondent's plant. The relative position of the Dorothy G with respect to the Warning Light is significant, for instead of being wholly abreast, the bow of the Dorothy G was approximately abreast of the middle bitt of the Warning Light, which was but partly loaded at the time. The tide at this time was the last of the ebb, and the wind, from the northeast, was blowing and had been blowing with force for some hours. Employees of the Colonial Sand & Stone Co. were on the dock and assisted in making fast the Dorothy G. Somewhat later in the afternoon, at about 7 P.M., employees of the Colonial Sand & Stone Co., on a flood tide, shifted the Dorothy G by moving her forward so that the bows of the two scows were about flush. She remained in that berth Saturday night and on Sunday afternoon, at about low water, the scowman heard a noise, apparently coming from the hold, and on exploring, found the boat leaking. An inspection on Monday disclosed some bottom planks had been broken and the keelson, next in from the starboard side of the vessel, was broken slightly forward of amidships.

The evidence is clear that the Dorothy G was not aground when her tug departed on Saturday afternoon. Nor does it appear that she was leaking at that time, for the pumping on Saturday night was of the usual order, and the scow was in all respects seaworthy at that time. Indeed she was a new vessel. I am persuaded by the opinion of Captain DeMars that the damage on the scow's bottom, which was confined to a point approximately 50 to 55 feet aft the bow, with no scoring or gouging between the bow mudlog and the point where the keelson and planks were located, was caused by a vertical pressure of the weight of heavy cargo when the scow rested on the bottom. That the berth was not safe for heavy cargo was admitted by Ragazzi, the respondent's dispatcher. Similar inference must be drawn from the testimony of Barbani, respondent's foreman.

The respondent would seek to explain the damage on the theory that the evidence shows that the tow boat pushed part of the bow of the Dorothy G hard aground at the time of her arrival. But if this were so, then damage certainly would have been disclosed on the scow's bottom other than that listed in the survey. Moreover, had the fault been that of the tug, it is difficult to understand why the damage was not indicated by perceptible leakage or otherwise until approximately twenty-four hours later. The evidence convinces me the Dorothy G

was sound on Saturday night and apparently remained so until some time in the afternoon of Sunday, September 26th.

Since the grounding must be attributed to the acts of the respondent in shifting the Dorothy G to a foul berth, the libellant may have a decree against the respondent, Colonial Sand & Stone Co., Inc.; and the libel and the petition of the respondent against the tug Buchanan Sisters, Bronx Towing Line, Inc., claimant-impleaded, will be dismissed.

Findings of fact and conclusions of law will be filed concurrently with this opinion.